UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 11-197-C**

**1651 NORTH COLLINS CORP.,**                                           **PLAINTIFF,**

**V.**            **MEMORANDUM OPINION AND ORDER**

**LABORATORY CORPORATION**
**OF AMERICA,**                                                                               **DEFENDANT.**

\* \* \* \* \* \* \* \* \*

This matter is before the court on 1651 North Collins Corporation's motion for leave to file amended complaint (R. 8). Because the court finds pursuant to Fed. R. Civ. P. 15(a)(2) that justice so requires, and being otherwise sufficiently advised, the court will grant the motion.

1651 has moved for leave to file an amended complaint in order to assert additional facts that were not available to it at the time it filed the complaint, to increase the amount of damages it seeks to recover, and to add additional costs related to Laboratory Corporation of America's (LabCorp's) alleged breach of contract. The additional facts and increased damages reflect damage to the premises that 1651 asserts is beyond normal "wear and tear" and therefore within the scope of the rental agreement between the parties. LabCorp denies that the damage is beyond normal "wear and tear" and asserts that the court should not grant leave to file the amended complaint because the proposed amendment would be futile, *see Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006), as it would

not withstand a motion to dismiss. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

The additional facts regarding the alleged exterior damages, which the court accepts as true, *see Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001), are facts of legal significance that further 1651's breach of contract claims, and the increased damages request reflects that legal significance. *See Kottmyer* at 692. The same is true for the additional costs asserted in the proposed amended complaint. These claims would survive a motion to dismiss and the court will allow 1651 to test its case on the merits. *Forman v. Davis*, 371 U.S. 178, 182 (1962).

LabCorp also contends that the proposed amendments are beyond the anticipated scope of this litigation and provides a copy of an agreement between the parties waiving their rights to arbitration in favor of litigation (R. 10-1). This agreement does not limit the scope of litigation, nor does it waive any rights of the parties to assert additional claims other than the right to arbitration. The agreement provides no support for an argument that the court should not grant 1651's motion.

Discovery has just begun, and LabCorp has not argued that it would be prejudiced by the court permitting 1651 to amend its complaint, nor does the court perceive any such prejudice. LabCorp has provided no viable argument as to why the court should not freely grant 1651 leave to amend. *See* Fed. R. Civ. P. 15(a)(2).

Accordingly,

**IT IS ORDERED** that motion for leave to file amended complaint (R. 8) is **GRANTED**.

1651's amended counterclaim is deemed filed as of the date of this order.

Signed on August 31, 2011

Jennifer B. Coffman, Judge
United States District Court